UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00146-TBR

HEARTLAND MATERIALS, INC., *et. al.*,                                                PLAINTIFFS

v.

WARREN PAVING, INC, *et al.*,                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions by both parties. Defendants Warren Paving, Inc. and Slats Lucas, LLC have filed a motion for entry of judgment under Rule 54(b) in order to allow them to file an interlocutory appeal of this Court's order partially granting Plaintiffs' motion for summary judgment. [DN 72.] Plaintiffs Heartland Materials, Inc., William R. Frazer, LLC, and Southern Aggregate Distributors, Inc. responded in opposition, [DN 76], and Defendants replied. [DN 79.] Plaintiffs have also filed motions for damages, costs, and attorney fees, [DN 77], a motion to dismiss a portion of their complaint, [DN 75], a motion for sanctions against Defendants, [DN 78], and a motion for a status conference on all pending motions, [DN 81.] The Court will address each of the above motions in the following Memorandum Opinion. For the reasons discussed herein, Defendants' motion for entry of judgment, [DN 72], is **DENIED**. Plaintiffs' motion to dismiss a portion of their complaint, [DN 75], is **GRANTED**; their motion for sanctions is **DENIED**, and their motion for a status conference is **DENIED AS MOOT**. The Court will defer ruling on Plaintiffs' motion for damages, costs, and fees, [DN 69; DN 77], however, until it is fully briefed by both parties.

FACTUAL AND PROCEDURAL BACKGROUND

The Court recited the full background of this case at length in its May 22, 2018 Memorandum Opinion and Order granting in part and denying in part Plaintiffs' motion for

1

summary judgment and denying Defendants' motion for summary judgment. [*See* DN 67.] Accordingly, the Court will provide a somewhat condensed summary here. This suit arises out of a contract entered into between Plaintiff Heartland Materials, Inc. ("Heartland") and Defendant Warren Paving, Inc. ("Warren Paving") in 2004. In detail, on September 1, 2004, Heartland and Warren Paving executed a Contract for the Assignment of an Option to Purchase Real Property with Retained Royalties, (the "Assignment Contract"). [DN 1 at 5, ¶ 18; *see* DN 40-1 at 2, ¶ 9; DN 1-5 (Assignment Contract).] The property at issue, ("the "Property"), consisted of "approximately 339 acres of land on two contiguous tracts located in Livingston County, Kentucky." [DN 1 at 4, ¶ 12 (Complaint).] The Assignment Contract assigned Heartland's option to purchase the Property to Warren Paving. [DN 1 at 5–6, ¶ 18.] It also granted Heartland the right to be paid royalties from the limestone Warren Paving planned to mine from the Property. [*See* DN 1-5 at 1–3.] In essence, provided that certain conditions precedent were met, Warren Paving agreed to "pay Heartland a retained royalty of $0.40 per ton" for "limestone mined and loaded for transport from the Property." [*Id.*] The Assignment Contract specifies that "[q]uantities on which the royalty is to be paid will be determined from the belt scale weights as the material is loaded." [*Id.*]

Throughout the duration of the Assignment Contract, both Heartland and Warren paving eventually sold or assigned portions of their interests to other parties. As a result of these changes, Heartland and Warren Paving executed an "Amendment to Contract for the Assignment of an Option to Purchase Real Property With Retained Royalties", (the "Amended Assignment Contract"), on July 31, 2009 to reflect the changes in royalty obligations. [*Id.* at ¶ 31.] Later, on August 16, 2010, Heartland assigned half of its royalty interests to Plaintiff William R. Frazer, LLC, ("WRF"), and assigned the other half to Plaintiff Southern Aggregate Distributors, Inc.,

("Southern Aggregate"). [*Id.* at 10, ¶ 32 (citing DN 1-9 (Assignment of Royalty).] As a result of these assignments, "WRF and Southern Aggregate each retained a right to receive from Warren Paving or Slats Lucas $0.1333 per ton for each ton of limestone produced from the Property." [*Id.*] According to Plaintiffs, Warren Paving or Slats Lucas thereafter made royalty payments directly to WRF and Southern Aggregate. [*Id.* at ¶ 33.]

After making royalty payments for about ten years pursuant to the terms of the Assignment Contract and the Amended Assignment contract, Warren Paving and Slats Lucas (collectively, "Defendants") brought suit against Heartland, WRF, and Southern Aggregate (collectively, "Plaintiffs"), in this Court. *See Warren Paving, Inc., et. al. v. Heartland Materials, Inc. et. al.*, No. 5:14-CV-149-TBR, 2015 WL 269204 (W.D. Ky. Jan. 21, 2015). In that suit, Warren Paving and Slats Lucas alleged, in essence, "that Heartland engaged in wrongdoing in negotiating the option contract with Warren Paving, which entailed continuing payments of royalties to Heartland based on the amount of limestone extracted." *Warren Paving, Inc., et. al. v. Heartland Materials, Inc. et. al.*, No. 15-6052, at *1–2 (6th Cir. July 6, 2016). Accordingly, Defendants sought, in part, "(1) a declaratory judgment stating that the assignment contract was void because Heartland did not hold a license to practice real estate brokerage in Kentucky; [and] (2) rescission of the assignment contract based on mistake of fact—Heartland's lack of a real estate brokerage license . . . ." *Id.* Defendants also alleged breach of fiduciary, fraud and intentional misrepresentation, and unjust enrichment by Heartland in obtaining the option. *Id.*

In a Memorandum Opinion issued on January 21, 2015, this Court dismissed all of Warren Paving and Slats Lucas's claims, finding that each were barred by a five-year statute of limitations period as codified in KRS § 413.120. *Warren Paving*, 2015 WL 269204, at *1–5. The Court also denied Warren Paving and Slats Lucas's motion to reconsider on August 26, 2015.

*Warren Paving, Inc. v. Heartland Materials, Inc.*, No. 5:14-CV-149-R, 2015 WL 5050553, at *1 (W.D. Ky. Aug. 26, 2015), *aff'd* (July 6, 2016). Thereafter, Warren Paving and Slats Lucas appealed to the Sixth Circuit Court of Appeals, which affirmed this Court on July 6, 2016. *Warren Paving*, No. 15-6052 (6th Cir. July 6, 2016). In its decision, the Sixth Circuit determined that this Court properly dismissed Warren Paving and Slats Lucas's claims for declaratory judgment, mistake of fact, breach of fiduciary duty, and fraud on statute of limitations grounds. *Id.*

In the instant lawsuit, the sides are switched. Herein, Heartland, WRF, and Southern Aggregate allege that, "[s]ince entry of the Sixth Circuit's Order on July 6, 2016, Warren Paving and Slats Lucas have refused to pay any royalties to WRF and Southern Aggregate for limestone produced from the Property, in violation of the Contract for Assignment." [DN 1 at 11, ¶ 37.] Defendants do not contest that they ceased making payments. Additionally, Plaintiffs contend that they "recently discovered that Warren Paving and/or Slats Lucas has never paid the appropriate royalty amount because the tonnage of limestone produced from the Property was not appropriately determined 'from the belt scale weights as the material is loaded.' As a result, WRF and Southern Aggregate were underpaid royalties during the term of the agreement." [*Id.* at 10, ¶ 33.] As a result, Plaintiffs brought claims against Warren Paving and Slats Lucas for breach of contract and a declaration of their right to receive royalties under the Amended Assignment Contract. [*Id.* at 12–15.]

In their answer, Warren Paving and Slats Lucas assert that: 1) they do not legally owe the royalty payments, which are essentially brokerage fees, due to the violation of Kentucky brokerage licensure laws, 2) the Assignment Contract is void ab inito, 3) the Assignment Contract is unenforceable due to a mistake of fact, 4) Heartland breached its fiduciary duties of

4

loyalty and good faith, 5) that the Assignment Contract was procured through fraud, breach of fiduciary duties, or material mistake of fact, 6) Plaintiffs have "unclean hands" by engaging in unauthorized real estate brokerage, 7) the correct amount of royalty payments has been made, and that 8) there is no right to accelerate payments pursuant to the Assignment Contract. [DN 10 at 10–11 (Answer).]

In its May 22, 2018 Memorandum Opinion and Order, this Court found that Defendants could not assert their previously time-barred claims seeking to void the contract as affirmative defenses in this action based on principles of res judicata and on case law prohibiting parties from skirting statute of limitations by bringing time-barred claims as affirmative defenses. [DN 67], *see also City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1031 (9th Cir. 2003). The Court then held:

> Plaintiffs' motion for summary judgment on its breach of contract claim with regard to the lack of royalty payments since June 2016 is granted. As to the missed payments Plaintiffs are owed from July 2016 to the present, Plaintiffs are entitled to monetary damages, the amount of which shall be determined through a damages hearing. As to future payments, Plaintiffs are entitled to specific performance.

[DN 67 at 28.] The Court also granted Plaintiffs' request for a declaratory judgment, stating "that Warren Paving and Slats Lucas are contractually obligated to pay royalties for all limestone mined and shipped or loaded for transport from the Property pursuant to the terms of the Amended Assignment Contract and the royalty obligation enumerated therein." [*Id.* at 29.]

However, the Court further stated that, due to a lack of "evidence that Defendants have, since 2004, underpaid royalties as a result of failing to measure limestone using belt scale weights, Plaintiffs are not entitled to summary judgment on this portion of their breach of contract claim at this time." [*Id.* at 26.] Therefore, that claim remained pending.

After the entry of the May 22, 2018 Order, Defendants moved the "Court to allow them to take an immediate appeal of the Court's Memorandum and Order . . . granting in part the Motion for Summary Judgment filed by [Plaintiffs] . . . enforcing the Contract of Assignment and Amended Contract of Assignment ("Contract") and requiring Defendants to pay past and future royalties under the royalty provision of the Contract, by certifying its Order as a final judgment under Fed. R. Civ. P. 54(b)." [DN 72.] Plaintiffs responded in opposition, [DN 76]; and Defendants replied. [DN 76.] Plaintiffs also filed a motion to dismiss paragraph 44 of their complaint, [DN 75], a motion for damages, costs, expenses, and attorney fees, [DN 69; DN 77]; and a motion for sanctions, [DN 78.] Defendants responded to Plaintiffs' motion for sanctions, [DN 78.]

DISCUSSION

**A. Defendants' Motion for Entry of Judgment under Rule 54(b) and Plaintiffs' Motion to Dismiss Paragraph 44 of their Complaint**

Federal Rule of Civil Procedure 54(b) reads, in relevant part, as follows:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). In essence, if a district court disposes of fewer than all of the claims or parties involved in a case, the Sixth Circuit Court of Appeals does not have jurisdiction over an interlocutory appeal unless the district court directs the entry of a final, appealable judgment under Rule 54(b). *See, e.g.*, *Bailey v. Aramark Corp.*, No. 17-6127, 2018 WL 1582642, at *1 (6th Cir. Jan. 17, 2018).

Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."

*Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 820 (6th Cir. 2005) (quoting *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 60 (6th Cir. 1986)). The Sixth Circuit "has further stated that that only an 'infrequent harsh case' merits Rule 54(b) certification." *Bell v. Hall*, No. CIV.A. 1:06-CV-00085, 2007 WL 2827670, at *1 (W.D. Ky. Sept. 28, 2007) (quoting *Rudd Const. Equip. Co. v. Home Ins. Co.,* 711 F.2d 54, 56 (6th Cir. 1983)).

Here, the Court granted summary judgment to Plaintiffs on their claim for a declaratory judgment and on the portion of their breach of contract claim alleging that Defendants had breached by ceasing making royalty payments after June 2016. [*See* DN 67 at 28.] The Court explained that, "[a]s to the missed payments Plaintiffs are owed from July 2016 to the present, Plaintiffs are entitled to monetary damages, the amount of which shall be determined through a damages hearing. As to future payments, Plaintiffs are entitled to specific performance." [*Id.*]

As to the other portion of Plaintiffs' breach of contract claim, however, the Court did not grant summary judgment. Specifically, the Court held that Plaintiffs had not presented sufficient evidence to obtain summary judgment on their claim that, since 2004, Defendants underpaid royalties by failing to use the proper method to weigh the limestone mined from the Property. [*Id.* at 26.] Accordingly, that claim remained pending.

Thereafter, Defendants moved for the Court to enter a final and appealable judgment pursuant to Rule 54(b) to allow them to take immediate interlocutory appeal from this Court's partial grant of summary judgment to Plaintiffs on their breach of contract claim. [DN 72.] Defendants also went ahead and filed an appeal to the Sixth Circuit and a Notice of Appeal with this Court. [*See* DN 73; DN 74.] Next, however, Plaintiffs moved "the Court for an Order dismissing that portion of Plaintiffs' Complaint alleging underpayment of royalties made to the Plaintiffs in past payments as enunciated in Paragraph Forty Four (44) of Plaintiffs' Complaint."

7

[DN 75 at 1.] Defendants do not oppose this motion, [DN 80 at 4], and therefore the Court will grant it. Defendants are incorrect, however, that since Plaintiffs' remaining claim is now dismissed, "there [are] no remaining legal claims to adjudicate and the Court's [May 22, 2018] Order, standing alone, will become a final, appealable judgment." [*Id.*]

"An entry of final judgment is available under Rule 54(b) based on two independent findings." *Allen v. Siddiqui*, No. 3:07CV-P261-H, 2009 WL 2762565, at *1 (W.D. Ky. Aug. 27, 2009) (citing *Gen. Acquisition, Inc. v. GenCorp Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). First, the court must find that its decision as to a claim is a "final judgment." *Id.* Second, the court must "expressly determine[ ] that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Ultimately, a district court has "sound judicial discretion" in which to determine whether an entry of final judgment is appropriate." *Allen*, 2009 WL 2762565, at *1 (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

With regard to the first consideration, "[a] 'final judgment' consists of a 'cognizable claim for relief' that is 'an ultimate disposition of an individual claim entered in the course of a multiple claim action.'" *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7). As an initial matter, this action is no longer a "multiple claim action," as Plaintiffs have now dismissed their only remaining claim. However, even if it were a multiple claim action, the Court did not render an "ultimate disposition" of Plaintiffs' claim of breach regarding the lack of royalty payments since June 2016. As Plaintiffs point out in their response, "this Court has not determined the extent of damages owed by the Defendants to the Plaintiffs for past royalty payments." [DN 76 at 3.] Rather, the Court noted that it remained to be determined, either following a hearing or briefing by the parties, the amount of damages to which Plaintiffs are entitled.

8

The Sixth Circuit has held that, in order to be final, "the order must terminate all issues presented in at least one claim so that nothing remains except enforcement by execution of the judgment." *Rudd*, 711 F.2d at 56. Crucially, "[a] partial summary judgment which resolves one aspect of the question of liability *but leaves the issue of damages in dispute* is neither 'final' within the meaning of 28 U.S.C. § 1291 nor certifiable under Rule 54(b)." *Id.* (emphasis added). This is precisely the situation at issue in this case. The determination of damages remains to be made, and therefore the Court's Order granting summary judgment to Plaintiffs on their first breach of contract claim is not a final and appealable judgment.

Defendants argue, however, that "[a]lthough the Court's Order does not specify a total amount of royalties owed by Defendants, the Order incorporated the Contract formula for determining the amount owed thereby satisfying the criteria for finality. Plaintiffs' subsequent motions to set damages, costs, and attorneys' fees do not affect the finality of the Court's Order." [DN 72-1 at 8.] In support of this argument, Defendants cite Sixth Circuit cases holding that "a decision awarding attorney's fees is not part of the merits for purposes of determining if the lower court issued a 'final decision.'" *Gnesys, Inc. v. Greene*, 437 F.3d 482, 487 (6th Cir. 2005); *see also McCuiston v. Hoffa*, 202 F. App'x 858, 863 (6th Cir. 2006) (quoting *White v. N.H. Dep't of Employment Sec.,* 455 U.S. 445, 451 n. 13 (1982) ("[A] request for attorney fees presents collateral issues that are 'not inherently or necessarily subsumed by a decision on the merits.'")).

While Defendants are correct that a decision can still be "final" if the issue of attorney's fees remains to be decided, that is not, as the Court explained above, the only issue left remaining to be decided in this case. Rather, the amount of damages owed to Plaintiffs, meaning the amount of royalty payments owed to them by Defendants since June 2016, has not been determined. Accordingly, it cannot be said that the Court's May 22, 2018 order terminated *all*

issues presented in Plaintiffs' first claim of breach such "that nothing remains except enforcement by execution of the judgment." *Rudd*, 711 F.2d at 56. Rather, the Sixth Circuit has expressly held that "[a] partial summary judgment which resolves one aspect of the question of liability *but leaves the issue of damages in dispute* is neither 'final' within the meaning of 28 U.S.C. § 1291 nor certifiable under Rule 54(b)." *Id.* Though Defendants argue that the issue of damages in this case will be easily resolved because the Contract has a "formula for determining the amount owed," [DN 79 at 5–6], the Court finds this argument unpersuasive. While the amount of damages owed may simple to calculate, the fact remains that this issue has yet to be determined or finished being briefed by the parties. With the issue of damages still remaining, the Court's May 22, 2018 Order was not final and appealable.

Because the Court did not render a final judgment when it granted summary judgment to Plaintiffs on their first breach of contract claim, Defendants cannot satisfy this requirement of Rule 54(b), and the Court therefore need not reach the second requirement of whether there exists a "just reason for delay." Fed. R. Civ. P. 54(b). Defendants' motion for entry of judgment under Rule 54(b) is accordingly denied.

**B. Plaintiffs' Motion for Sanctions**

Plaintiffs, in turn, "move the Court for an Order assessing sanctions against the Defendants . . . due to . . . [Defendants] filing the frivolous Notice of Interlocutory Appeal on June 20, 2018." [DN 78 at 1.] "As grounds for this motion the Plaintiffs state that by telephonic conference conducted by this Court on June 5, 2018 the Defendants, by Counsel, admitted the need for an Order from this Court to allow an Interlocutory Appeal. By the filing of their Motion for Entry of Judgment Under Rule 54(b) on June 19, 2018 [DN 72] the Defendants, jointly and severally, have admitted the necessity of obtaining an Order from this Court to allow such

appeal." *Id.* According to Plaintiffs, because Defendants went ahead and filed an appeal with the Sixth Circuit, sanctions are justified. However, Plaintiffs cite no law or legal standards regarding sanctions in their motion.

In response, Defendants explain that, while they were waiting for this Court to rule on their Rule 54(b) motion,

> [i]n the meantime, the delays for filing a notice of appeal continued to run. In a civil case, the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from . . . While Rule 4 identifies certain post judgment motions that toll the running of the 30 day period, a Motion for Entry of Judgment under Rule 54(b) is not one of the enumerated motions. Thus, Defendants were in the position of potentially having the 30 day time period expire before this Court ruled on their Rule 54(b) motion. Accordingly, out of an abundance of caution, on June 20, 2018, Defendants filed their Notice of Appeal.

[DN 80 at 3.] The Court finds this explanation to be reasonable and does not find that Plaintiffs have shown bad faith on behalf of Defendants, as they claim in their short motion.

Likewise, the Court rejects Defendants' request for "this Court [to] sanction counsel for Plaintiffs" for filing their initial motion for sanctions against Defendants. [*Id.* at 7.] According to Defendants, "[i]t is patently clear that Plaintiffs" Motion for Sanctions filed in both this and the appellate court are intended solely to harass Defendants and increase fees." [*Id.* at 8.] Defendants have not made this showing to the Court, and therefore the Court will not impose sanctions against either party.

**C. Plaintiffs' Motion for Damages, Costs, Expenses, and Attorney Fees**

Plaintiffs argue that a hearing is not necessary to determine the amount of damages Defendants owe in this case. Instead, Plaintiffs have filed motions for damages, costs, expenses, and attorney's fees. [DN 69; DN 77.] However, because Defendants sought leave to seek an interlocutory appeal, they never responded to Plaintiffs motions for damages, costs, and fees.

Accordingly, the Court will defer ruling on the amount of damages, costs, and attorney's fees Plaintiffs are owed until this issue is fully briefed. Defendants shall file a response to Plaintiffs' motions, [DN 69; DN 77], no later than September 4, 2018. Plaintiff shall file a reply no later than September 11, 2018.

CONCLUSION

For the reasons explained in detail above, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiffs' Motion to Amend/Correct their Motion for Damages, Costs, Expenses, and Attorney's Fees, [DN 70], is **GRANTED**.

(2) Defendants' Motion for Entry of Judgment under Rule 54(b), [DN 72], is **DENIED**.

(3) Plaintiffs' Motion to Dismiss Paragraph 44 of Plaintiffs' Complaint, [DN 75], is **GRANTED**.

(4) Plaintiffs' Motion for Sanctions, [DN 78], is **DENIED**.

(5) Plaintiffs' Motion for a Status Conference, [DN 81], is **DENIED AS MOOT**. The telephonic status conference scheduled for August 23, 2018 at 11:00 a.m. Central Time is **CANCELLED**.

(6) Defendants **SHALL** file a response to Plaintiffs' motions for damages, costs, expenses, and attorney's fees, [DN 69; DN 77], no later than **September 4, 2018**. If Plaintiffs wish to file a reply, they **SHALL** do so no later than **September 11, 2018**.

**IT IS SO ORDERED**.

Date:

cc: Counsel