UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-146-TBR

**HEARTLAND MATERIALS, INC.,** *et al.*  PLAINTIFFS

v.

**WARREN PAVING, INC.,** *et al.*  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendants, Warren Paving, Inc. and Slats Lucas, LLC, to approve security and stay execution of bond. (DN 121). Plaintiffs, Heartland Materials, Inc., William R. Frazer, LLC, and Southern Aggregate Distributors, Inc., have responded (DN 123), and Defendants have filed a reply (DN 125). Plaintiffs have also filed an objection to Defendants' reply. (DN 126). Fully briefed, this matter is ripe for adjudication and for the following reasons, is **DENIED.** Defendants shall have seven (7) days from the entry of this opinion and order to produce a bond or other security in compliance with this order.

### Discussion

A full recitation of the facts of this case may be found at *Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-00146-TBR, 2018 WL 2324075, at *1 (W.D. Ky. May 22, 2018). On May 22, 2018, this Court granted Plaintiffs' motion for summary judgment regarding their request for declaratory judgment and their claim for breach of the Amended Assignment Contract due to Defendants' failure to make royalty payments after June 2016. Under the Amended Assignment Contract, Defendants must pay $0.2667 per ton of limestone mined from the property that is subject to the agreement. *Id.* at *3. Then, on April 11, 2019, this Court ordered that Defendants must pay Plaintiffs compensatory damages, legal fees, pre-judgment interest, and post

judgment interest as explained at *Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-0146-TBR, 2019 WL 1576990, at *11 (W.D. Ky. April 11, 2019). On May 10, 2019, Defendants filed their notice of appeal of (1) the Court's May 22, 2018 memorandum opinion and order, and (2) the Courts April 11, 2019 memorandum opinion and order.

Defendants request the Court to issue an order approving a cash bond or security in the amount of $1,891,699.52 and staying execution of the Court's judgment pending disposition of the appeal to the Sixth Circuit Court of Appeals. This amount represents: (1) past royalties accrued through November 30, 2018 with pre-judgment and post-judgment interest calculated through June 2020; and (2) attorney's fees with interest calculated through June 1, 2020. Plaintiffs object to the $1,891,699.52 figure because they claim "it is insufficient to adequately protect the Plaintiffs as it does not include the royalties due and owing from January 20, 2019 (the December 20, 2018 royalty) through the pendency of the appeal, nor interest thereon, nor allow for the costs of appeal." (DN 123-1 at 1).

Federal Rule of Civil Procedure 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. . . . The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Rule 62 "entitles a party who files a satisfactory supersedeas bond to stay a money judgment as a matter of right." *Arban v. West Publ'q Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Fed. PrescriptionServ., Inv. V. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)). Rule 62(b) balances the interests of both parties by permitting "an appellant to obtain a stay to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal" and, although the rule deprives the appellee of its right to immediately enforce its valid judgment, the bond provides "both insurance and compensation to the appellee."

*Buckhorn, Inc., v. Orbis, Corp.,* No. 3:08-CV-459, 2014 U.S. Dist. LEXIS 122677, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014) (citations omitted). "Because of 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Id.* (quoting *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). "Courts generally require that the amount of the bond include the full amount owed under the award, anticipated appeal costs, post-judgment interest, and damages caused by the appeal." *Poplar Grove*, 600 F.2d at 1191. The requirement for a bond should only be waived in "extraordinary circumstances." *Tri County Wholesale Distrib., Inc. v. Labatt USA*, 311 F.R.D. 166, 172 (E.D. Mich. 2017).

The Court does not approve Defendants' Proposed Cash Bond or Security in the amount of $1,891,699.52. This amount is inadequate to protect the Plaintiffs' interests because it does not include the royalties owed from January 20, 2019 (the December 20, 2018 royalty) through the pendency of the appeal. Defendants' proposed cash bond omits the ongoing royalties which are due to Plaintiffs. In its March 22, 2018 Memorandum Opinion and Order, this Court declared "[Defendants] are contractually obligated to pay royalties for all limestone mined and shipped or loaded for transport from the property pursuant to the terms of the Amended Assignment Contract and the royalty obligation enumerated therein." [DN 67 at 29]. The Court also declared "as to future payments [of royalties], the Plaintiffs are entitled to specific performance." *Id.* at 28. Therefore, it is necessary to account for future royalties to appropriately protect Plaintiffs' interests.

Although it is impossible to provide an exact accounting for future royalties over the course of the appeal, the Court is satisfied that an estimate of the total amount that is currently due combined with an estimate of the amount which will be due over the next eighteen months will

3

appropriately protect Plaintiffs' interests while allowing the Defendants to obtain a stay during the pendency of their appeal. The Court will base its estimate on the most current information on the record.

On June 27, 2018, Plaintiffs filed the affidavits of William R. Frazer and John William Bogle Jr. [DN 77-1 and 77-2]. These affidavits mirror one another and each affiant attests to the authenticity of mineral tax returns that are attached to the documents. Frazer and Bogle attest that the mineral tax returns were submitted by Defendant Warren Paving, Inc. in discovery. The mineral tax returns account for tons of limestone produced for the months of June 2016 through August 2017 (the "Period"). During this fifteen-month-period, 2,842,850 tons of limestone were produced. Therefore, an average of 189,523.33 tons of limestone were produced per month during the Period. Multiplying this average monthly production by the contractual royalty rate of $0.2667 per ton results in a product of $50,545.87 per month. Unpaid royalties up to, and including, the month of November 2018 are already calculated into the Defendants' Proposed Cash Bond or Security. But five months[1] of unpaid royalties are currently due. Five months at the average rate of $50,545.87 per month equals $252,729.35 currently due. The Court agrees with Plaintiffs that it is appropriate to project the bond or security out to account for eighteen months of future payments. Eighteen months at the average rate of $50,545.87 equals $909,825.66 in future royalties. Adding the two figures together results in a sum of $1,162,555.01 in estimated royalties. Adding the estimated royalties to the $1,891,699.52 of Defendants' Proposed Cash Bond or Security—which provides security through November 2018—results in a sum-total of $3,054,254.53.

---

[1] December, January, February, March, and April.

The Court holds that Defendants must provide a bond or security in the amount of $3,054,254.53 to obtain a stay. Pursuant to Local Rule 65.1.1(a), this bond must be in one of the following three forms: (1) a surety company approved by the United States Department of Treasury; (2) cash in an amount set by the Court; or (3) a personal surety secured by real estate that is compliant with the requirements of Rule 65.1.1(d)-(g). In this case, Defendants' bond or security may be comprised of any combination of these as long as they amount to a combined total of $3,054,254.53. For example, Defendants may provide a cash bond in the amount of $2,000,000.00 and satisfy the remaining $1,054,254.53 through a surety company approved by the United States Department of Treasury. Alternatively, Defendants may choose to provide the entire amount in any of the forms allowed by Rule 65.1.1. Defendants must, however, provide a bond or security in the amount of $3,054,254.53 within seven (7) days of the entry of this Memorandum Opinion and Order to obtain a stay.

The Court is not persuaded that the alternative bond offered by Defendants is appropriate. In their reply, Defendants propose a bond arrangement whereby they agree to provide the $1,891,699.52 in cash bond and then place all royalties that are currently due and which will become due during the appeal into an interest bearing bank account as additional security. In other words, the Defendants propose that they will set aside royalties due to Plaintiffs as they become due. However, the Court is persuaded by Plaintiffs' objection that this arrangement would be a recipe for further litigation on the issue of the supersedeas bond. The proposed arrangement would require Plaintiffs to monitor the royalty deposits and if there were any disputes in amount or timelines of a deposit, then the parties would be back in front of this Court again.

## Order

For the foregoing reasons, and being otherwise sufficiently advised, **IT IS HEREBY ORDERED,** Defendants' motion to approve security and stay execution of judgment by Defendants [DN 121] is **DENIED.** Defendants shall provide bond or security—in any form or combination of forms provided by Rule 65.1.1 of the Joint Local Rules of Civil Practice—in the amount of $3,054,254.53 within **seven (7) days** of the entry of this order. If Defendants do not timely provide a bond security as set forth in this Memorandum Opinion and Order, then they shall not obtain a stay. **IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 10, 2019

CC: Counsel of Record