UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:16-CV-00146-TBR-LLK

HEARTLAND MATERIALS, INC.
WILLIAM R. FRAZER, LLC, and
SOUTHERN AGGREGATE DISTRIBUTORS, INC.                     PLAINTIFFS

v.

WARREN PAVING, INC. and
SLATS LUCAS, INC.                                          DEFENDANTS

**OPINION AND ORDER**

Chief Judge Greg N. Stivers referred this matter to Magistrate Judge Lanny King for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. (Docket # 16). This matter was later reassigned to Senior Judge Thomas B. Russell. (Docket # 66).

Before the Court is a Motion to Produce Production Numbers, filed by Plaintiffs Heartland Materials, Inc., William R. Frazer, LLC, and Southern Aggregate Distributors, Inc. (Docket # 131). Defendants Warren Paving, Inc. and Slats Lucas, Inc. have filed a Response (Docket # 133) and Plaintiffs have submitted a Reply. (Docket # 134). Fully briefed, this matter is ripe for adjudication.

For the reasons described herein, Plaintiffs' Motion to Produce Production Numbers is **DENIED**. (Docket # 131).

**Background**

A full recitation of the factual and procedural background of this case may be found in Judge Russell's Memorandum Opinion and Order on the parties' cross-motions for summary

1

judgment (Docket # 67), Heartland Materials Inc. v. Warren Paving, Inc., No. 5:16-CV-00146-TBR, 2018 WL 2324075, at *1 (W.D. Ky. May 22, 2018). On May 22, 2018, this Court granted Plaintiffs' motion for summary judgment regarding their request for declaratory judgment and their claim for breach of the Amended Assignment Contract due to Defendants' failure to make royalty payments after June 2016. Under the Amended Assignment Contract, Defendants must pay $0.2667 per ton of limestone mined from the property that is subject to the agreement. Id. at *3.

In the Current Litigation, this Court granted summary judgment to Plaintiffs on their breach of contract claim with regard to the lack of royalty payments since June 2016. The Court also held that "Warren Paving and Slats Lucas are contractually obligated to pay royalties for all limestone mined and shipped or loaded for transport from the Property pursuant to the terms of the Amended Assignment Contract and the royalty obligation enumerated therein." (Docket #67 at 28). This Court did not grant summary judgment on Plaintiffs' claim that Defendants breached the contract by underpaying royalties prior to June 2016. (Id. at 26). After this Court granted partial summary judgment, Plaintiffs filed a motion to dismiss their remaining claim for underpayment of royalties. (Docket # 75). This Court granted Plaintiffs' motion to dismiss. (Docket # 84).[1]

Then, on April 11, 2019, this Court ordered that Defendants must pay Plaintiffs compensatory damages, legal fees, pre-judgment interest, and post judgment interest as explained at (Docket # 109); Heartland Materials, Inc., No. 5:16-CV-00146-TBR, 2019 WL 1576990, at *11 (W.D. Ky. Apr. 11, 2019). On May 10, 2019, Defendants filed their notice of

---

[1] For a more complete explanation of the facts giving rise to this action, *see* (Docket # 67; Docket # 84).

appeal of: (1) the Court's May 22, 2018 memorandum opinion and order (Docket # 67), and (2) the Court's April 11, 2019 memorandum opinion and order (Docket # 109). (Docket # 127).

On June 10, 2019, this Court entered an Order requiring Defendants to provide bond or security in the amount of $3,054,254.53 in order to obtain a stay of execution of judgment. (Docket # 127). On June 14, 2019, in compliance with Judge Russell's Order, the Defendants filed a supersedeas bond (the "Bond") with the Court in the amount of $3,054,254.53. On June 19, 2019, the Court entered an Order allowing Plaintiffs until June 21, 2019 to file any objections regarding perceived deficiencies in the execution of the Bond document or concerns regarding its future enforceability. (Docket # 129). Plaintiffs did not file any objections. The Court granted Defendants' Motion to Approve Security and Stay Execution of Judgment (Docket # 128). (Docket # 130). In the same Order, the Court approved the Bond, stayed execution of any judgments pending disposition of any appeal by the Sixth Circuit and/or the Supreme Court, and denied Plaintiff's Motions for Writ of Execution and Garnishment (Docket # 115, Docket # 119). (Docket # 130).

Now pending before the Court is Plaintiffs' Motion to Produce Production Numbers (Docket # 131). Therein, Plaintiffs argue that Defendants should be required to produce records detailing the monthly production of the quarry at the core of this dispute, so that they might account for payments owed while the appeal is pending at the Sixth Circuit. (Docket # 131-1 at 2). In support, Plaintiffs argue that Defendants have produced such information after discussions between the parties in the past[2], that Defendants now refuse to produce the continued reports,

---

[2] Plaintiffs attach an email exchange detailing this discussion at Docket # 131-2, the monthly production for December 2018 through June 2019 (Docket # 131-3), as well as the exchange detailing the current dispute (Docket # 131-4).

3

and that they are entitled to the information, so that they may verify the adequacy of the Bond. (Id. at 6). Further, Plaintiffs allege that this process would avoid "a long delay in gathering production date to determine the amount that will then be owed." (Id.). They state further that "[I]t is just easier and simpler, and does no harm to the Appellant [Defendants], to process these numbers as they are available rather than to wait to the very end." (Id.). Plaintiffs argue that this dispute does not concern the merits of the appeal and thus, the reports should be produced. (Id. at 5).

Defendants dispute Plaintiffs contentions. First, Defendants argue that the appeal has transferred jurisdiction to the Sixth Circuit, meaning that the Court may not address this issue. (Docket # 133 at 3). "While the district court may retain limited jurisdiction to decide certain collateral matters, such as fees, costs, and sanctions, it is divested of jurisdiction over the substantive matters in a case." (Id.) (*citing* Fieldturf, Inc. v. Sw. Recreational Indus., Inc., 212 F.R.D. 341, 343 (E.D. Ky. 2003); ATAC Corp. v. Arthur Treacher's Inc., 280 F.3d 1091, 1102 (6th Cir. 2002)). The further argue that any finding in Plaintiffs' favor would be supplemental findings on substantive issues, which would violate the automatic stay put into place upon the filing of appeal by Federal Rule of Civil Procedure 62(b). They contend that any post-judgment discovery under Federal Rule of Civil Procedure 69(a)(2) would violate the automatic stay put into place upon filing of the Bond under Rule 62. (Docket # 133 at 4-5).

**Legal Standard**

The Federal Rules of Civil Procedure provide a mechanism for discovery by a creditor in the post-judgment stage of litigation. Rule 69(a)(2) states that "in aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is

located." FED.R.CIV.P.69(a)(2). Compared to discovery during litigation, post-judgment discovery is "very broad." United States v. Conces, 507 F.3d 1028, 1040 (6th Cir. 2007) (citations omitted).

However, Federal Rule of Civil Procedure 62(b) operates to automatically stay a case upon filing of an appeal. FED.R.CIV.P.62(b). Typically, "[t]he filing of a timely and sufficient notice of appeal in a district court has the effect of immediately transferring jurisdiction from the district court to the court of appeals." In re Chandler, 902 F.2d 43 (Table), 43 (Fed. Cir. Mar. 22, 1990) (*citing* 9 Moore's Federal Practice ¶ 203.11). Specifically, the Federal Rules state:

> **(a) Automatic Stay.** Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.
> **(b) Stay by Bond or Other Security.** At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

FED.R.CIV.P.62(b).

**Analysis**

Upon review of the arguments, the Court finds Defendants' position to be persuasive. A reading of the facts supports this conclusion. After Judge Russell granted in part and denied in part Plaintiff's Motion for Attorney Fees, Expenses, and Costs, the Defendants' timely filed a Notice of Appeal on Judge Russell's findings. (Docket # 118). While, at the time, this matter was an interlocutory appeal with other claims outstanding, Plaintiffs filed a claim to dismiss their remaining claim for unpaid royalties, which the Court granted. (Docket # 84). Once this occurred, no other independent claims remained pending before the Court.

A straightforward application of Rule 62(b) justifies Defendants' arguments. On June 14, 2019, Defendants filed a Motion to Approve Security and Stay Execution of Judgment and

tendered the amount of $3,054,254.53 to satisfy the Bond requirements. On June 19, 2019, Judge Russell entered an Order regarding Defendants' filing of the Bond wherein Plaintiffs were ordered to file objections regarding the Bond no later than June 21, 2019. (Docket # 129). Plaintiffs filed no objection. On July 2, 2019, Judge Russell entered an Order granting Defendants' Motion to Approve Security and Stay Execution of Judgment. (Docket # 130).

      The automatic stay came into effect upon this Court's acceptance of Defendants' proffered supersedeas bond in the amount of $3,054,254.53. By operation of Rule 62(b), all proceedings, as discussed above, were stayed. *See* FED.R.CIV.P.62(b); *See also,* Fieldturf, Inc. v. Sw. Recreational Indus., Inc., 212 F.R.D. 341, 343 (E.D. Ky. 2003); ATAC Corp. v. Arthur Treacher's Inc., 280 F.3d 1091, 1102 (6th Cir. 2002). Sixth Circuit precedent holds that "'the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals,' but that the 'district court retains jurisdiction to proceed with matters that are in aid of the appeal.'" Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1013 (6th Cir. 2003) (*quoting* Cochran v. Birkel, 651 F.2d 1219, 1221 (6th Cir.1981), *cert. denied,* 454 U.S. 1152 (1982)). The "in aid of the appeal" exception is narrow, and generally, courts are prohibited from making supplemental findings after the notice of appeal has been filed. Id. (*See also,* Pro Sales, Inc. v. Texaco, U.S.A., 792 F.2d 1394, 1396 n. 1 (9th Cir.1986) (noting that the losing party had already filed its notice of appeal, and therefore the district court "had no power to amend its opinion [with a supplemental explanation] at the time it attempted to do so"); Ced's Inc. v. U.S. EPA, 745 F.2d 1092, 1095 (7th Cir.1984) (coming to the same conclusion and stating that "[t]he parties to an appeal are entitled to have a stable set of conclusions of law on which they can rely in preparing their briefs"), *cert. denied*, 471 U.S. 1015 (1985). "The distinction, although sometimes blurred, is between actions that merely aid the appellate process

and actions that alter the case on appeal. <u>Inland Bulk Transfer</u>, 332 F.3d at 1013 (*quoting* Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 323 (1992)).

The post-judgment discovery requested by Plaintiffs would violate the automatic stay of Rule 62(b). While post-judgment discovery is broad, it is a court proceeding, which may not occur during the pendency of a stay. The filing of a Notice of Appeal has transferred jurisdiction over the substantive matters of this case to the Sixth Circuit Court of Appeals, and this Court may only make findings that are "in aid of the appeal." This case does not present such a circumstance. Any discovery on the amount owed would change the complexion of the case currently pending before the Sixth Circuit. Further, Judge Russell explicitly gave Plaintiffs the opportunity to object to the tendered Bond in his June 19, 2019 Order. (Docket # 129). Plaintiffs opportunity to object to the Bond came earlier in the case, prior to tender of the amount, and during the time period proscribed by Judge Russell. Plaintiffs may not have a second bite at the apple here.

## Conclusion

For the reasons discussed above, Plaintiffs' Motion to Produce Production Numbers (Docket # 131) is **DENIED**.

*[signature]*
Lanny King, Magistrate Judge
United States District Court

December 30, 2019