## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CASE NO. 5:16-CV-00146-TBR

**HEARTLAND MATERIALS, INC.,** *et al.*,                                              **PLAINTIFFS**

**v.**

**WARREN PAVING, INC.,** *et al.*,                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court are two motions: Plaintiffs' Motion for a Declaratory Judgment, DN 162, and Plaintiffs' Motion to Compel Response of Propounded Interrogatories, DN 169. For the reasons stated below, the motions are denied.

### I. Background

A full recitation of the facts of this case may be found at *Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-00146-TBR, 2018 WL 2324075, at *1-4 (W.D. Ky. May 22, 2018). Plaintiffs moved the Court for a declaration of rights. [DN 162]. Defendants responded. [DN 167]. Plaintiffs then filed a Notice to Withdraw the motion for a declaration of rights. [DN 168]. Thereafter, Plaintiff moved the Court to compel Defendants' response to Plaintiffs' discovery requests. [DN 169]. Defendants responded and Plaintiffs replied. [DN 170; DN 171]. These matters are ripe for adjudication. For the reasons stated below, both motions are denied.

### II. Motion for Declaration of Rights

The first matter pending before the Court is Plaintiffs' motion titled "Motion for Declaration of Rights Pursuant to the Contract as Amended and the Royalty Obligation." [DN 162 at 1]. In the motion and its accompanying memorandum of law, Plaintiffs ask the Court to resolve two alleged issues. [DN 162-1 at 2]. First, Plaintiffs claim that Defendants are in breach of the parties' contract because Defendants are calculating royalties in a way that is not provided for in

the contract. *Id.* at 2; 9-11. Specifically, Plaintiffs claim that Defendants are in breach of the parties' contract because Defendants deduct the weight of moisture from the "belt scale weight of the rock" in determining the amount of the royalties paid to Plaintiffs. *Id.* at 10-11. Second, Plaintiffs ask the Court for a declaratory judgment interpreting the parties' contract and its amendment such that Defendants are required to pay royalties on rock that is mined from the property and on rock that is loaded on the property. *Id.* at 11-13.

Defendants responded to Plaintiffs' motion, arguing that the motion "should be dismissed or denied on the basis of *res judicata* because it seeks to 'revive' one claim that was previously asserted and voluntarily dismissed, and presents a new claim arising out of the same transaction that was never asserted in the underlying litigation." [DN 167 at 1]. Then, Plaintiffs filed a Notice of Withdrawal of Motion for Declaratory Judgment. [DN 168]. Therein, Plaintiffs state, "Plaintiffs are satisfied that this Court has already determined that the Contract and its Amendment provide for royalty to be paid on the rock as it is 'mined and shipped or loaded for transport' from the property by the belt scale weight." *Id.* at 1. Plaintiffs further state that "this withdrawal is without prejudice as to this issue being brought by subsequent Motion and relief by specific performance." *Id.* After filing the Notice to Withdraw, Plaintiffs filed a Motion to Compel. [DN 169]. In Defendants' response to the Motion to Compel, Defendants argue that Plaintiffs' "attempt to 'withdraw' their [motion for a declaration of rights] is intended to avoid, at present, a dismissal of these claims with prejudice based on *res judicata*." [DN 170 at 2]. Defendants ask the court to deny Plaintiffs' attempt to withdraw the motion for a declaration of rights, to substantively address and dismiss Plaintiffs' claims in the motion for a declaration of rights on the basis of *res judicata*, and to deny Plaintiffs' motion to compel. *Id.* at 3. Plaintiffs' reply does not address Defendants' opposition to the notice of withdrawal. [DN 171].

2

First, the Court construes Plaintiffs' notice of withdrawal, DN 168, as a *motion* to withdraw. Thus, the issue facing the Court as to Plaintiffs' Motion for a Declaratory Judgment, DN 162, is whether the Court should permit Plaintiffs to withdraw the motion as they request. [DN 168]. Defendants argue that Plaintiffs should not be able to withdraw their motion. [DN 170 at 2]. Defendants may be correct in their assertion that Plaintiffs' "attempt to 'withdraw' their [motion for a declaration of rights] is intended to avoid, at present, a dismissal of these claims with prejudice based on *res judicata*." *Id.* Yet, Defendants provide the Court with no authority to support their claim that Plaintiffs should be prohibited from withdrawing the motion. Even if the withdrawal is an effort to avoid a preclusion ruling, Defendants have cited no legal authority that would prevent Plaintiffs from withdrawing the motion. Accordingly, the Court grants the motion to withdraw, DN 168. Plaintiffs' Motion for a Declaratory Judgment, DN 162, is denied as moot.

The Court also notes that even if Defendants had provided sound authority to support their position that Plaintiffs should not be allowed to withdraw their motion, if the Court had considered the motion, it would not have reached the merits. The Motion for Declaratory Judgment asks the Court for new relief, and a final judgment—from which Defendants appealed and the Sixth Circuit affirmed—has already been reached in this action. [*See* DN 84; DN 109; DN 118; DN 139; DN 144]. Plaintiffs' attempt to raise new claims in the Motion for Declaratory Judgment is not the appropriate method of requesting the relief they seek.

**III.    Motion to Compel Discovery**

Remaining before the Court is Plaintiffs' Motion to Compel, DN 169. The motion addresses interrogatories propounded to Defendants at DN 163 and DN 164. [*See* DN 169]. Defendants argue that Plaintiffs' interrogatories seek information that will support new claims "that should have been brought and litigated in the underlying lawsuit." [DN 170 at 2]. Defendants

urge the Court to deny the motion to compel "because the underlying discovery is not supplementary to or in aid of execution of the Judgment, violates Fed. R. Civ. P. 69, and its sole purpose is to gather new facts supporting claims that are *res judicata*." In their reply, Plaintiffs argue that the motion to compel should be granted because they "are judgment creditors and are entitled to information necessary to collect their judgment as to future royalties and underpayment of royalties since August 2020." [DN 171 at 2]. Plaintiffs further argue that "[t]he interrogatories, as post-judgment discovery . . . will assist the Plaintiffs in determining the accuracy of the future royalties." *Id.* at 3.

### a. Standards

The Federal Rules of Civil Procedure provide a mechanism for discovery by a creditor in the post-judgment stage of litigation. Rule 69(a)(2) states that "in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Compared to discovery during litigation, post-judgment discovery is "very broad." *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (citations omitted). However, "[t]he scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citations omitted). "Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) (quoting *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967)).

## b. Discussion

The Court agrees with Defendants that Plaintiffs' interrogatories and corresponding motion to compel attempt to seek information aimed at raising new claims or issues rather than enforcing the Court's judgment. Though post-judgment discovery is broad, its purpose is to aid in the execution of a judgment. As Defendants describe:

> [T]he Interrogatories seek to develop the following facts: how moisture content of the limestone is calculated by the Defendants; how the Defendants invoice their customers and the identities of those customers; how tonnage is calculated; what percent of sales are based on dry tons; the relationship between the two Defendants; the amount of estimated remaining recoverable reserves on the Grabowski property; whether Defendants have title to the property adjacent to the Grabowski property and a copy of any such title; when certain reserves will be mined; whether mining is to occur on adjacent property (i.e. not the Grabowski property), identification of any related permits, and how that product would be transported; future mining plans for the Grabowski property and adjacent property; and, explanations of barge reports.

[DN 170 at 7] (*citing* DN 169-1). The Court finds that Plaintiffs will not be aided in enforcement of the judgment by obtaining responses to these inquiries. The Court agrees with Defendants that the interrogatories seek to develop additional facts to support the claims in Plaintiffs' motion for a declaration of rights, DN 162, denied as moot above.[1] Accordingly, Plaintiff's Motion to Compel, DN 169, is denied.

---

[1] When the Plaintiffs filed the interrogatories, they filed them under Rule 33 rather than Rule 69. *See* DN 163; DN 164; *see also* DN 170 at 7, n.5 ("Plaintiffs actually cite Kentucky (as opposed to Federal) Rule of Civil Procedure 33 as the basis for their Amended Interrogatories. Presumably this was inadvertent, as the initial post-judgment Interrogatories propounded on November 11, 2020, cite Federal Rule 33 as their basis."). Further, Plaintiffs did not clearly acknowledge that there was a final judgment in the action until the last substantive page of their reply to Defendants' response to Plaintiffs' motion to compel. [DN 171 at 4] ("WRF and Southern do agree with Warren Paving on one issue, the underlying Judgment in this case is final."). These facts compound the evidence that Plaintiffs' interrogatories do not seek discovery aimed at enforcing a judgment but seek discovery aimed at continuing the underlying litigation.

## IV. Conclusion

For the reasons stated above, Plaintiffs' Motion for a Declaratory Judgment, DN 162, is **DENIED AS MOOT**. Plaintiffs' Motion to Withdraw, DN 168, is **GRANTED**. Plaintiffs' Motion to Compel, DN 169, is **DENIED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 10, 2021

cc: counsel