UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-cv-00146-TBR

**HEARTLAND MATERIALS, INC.,** *et al.***,**                                                                                                          **PLAINTIFFS**

**v.**

**WARREN PAVING, INC.,** *et al.***,**                                                                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Enforce Judgment *for Royalty Payments by Belt Scale Weight*. [DN 178]. Defendants responded. [DN 179]. Plaintiffs replied. [DN 180]. As such, this matter is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

**I.     Background**

A full recitation of the facts of this case may be found at *Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-00146-TBR, 2018 WL 2324075, at *1-4 (W.D. Ky. May 22, 2018), *aff'd*, 819 F. App'x 323 (6th Cir. 2020). A condensed version of the relevant facts for this motion are as follows. In the complaint filed with the Court in August 2016, Plaintiffs argue that Defendants breached their contractual obligations by (1) not paying the "proper royalty rate for each ton of limestone produced from the Property, as determined 'from the belt scale weights as the material is loaded'" and (2) "refusing to make any royalty payment" since June 1, 2016. [DN 1 at 13]. After cross-motions for summary judgment, the Court granted Plaintiffs' motion regarding the refusal to pay royalties. [DN 67]. Summary judgment, however, was not proper regarding the claim that Defendants used the wrong royalty weights because Plaintiffs "submitted no evidence in support of this assertion." *Id.* The Court further held that Defendants, Warren Paving and Slats Lucas, are "contractually obligated to pay royalties for all limestone mined and

1

shipped or loaded for transport from the Property pursuant to the terms of the Amended Assignment Contract and the royalty obligation enumerated therein." *Id.* at 29.

Subsequently, Plaintiffs filed a motion to dismiss paragraph 44 of their complaint, the specific paragraph alleging underpayment of royalties due to improper weighing. [DN 75]. Because this voluntary dismissal was not opposed, the Court granted the motion. [DN 84]. Defendants appealed the Court's decision regarding summary judgment, but in June 2020, the Sixth Circuit affirmed the holding. [DN 139]. In November 2020, after the final judgment, Plaintiffs filed a Motion for Declaration again arguing that, "[t]he Defendants have been and continue to deduct moisture content from the rock prior to calculating the weight for the purpose of determining royalty owed to the Plaintiffs." [DN 162]. After Defendants filed a response requesting dismissal of the motion "on the basis of *res judicata* because it seeks to 'revive' [a] claim that was previously asserted and voluntarily dismissed," Plaintiffs filed a Notice of Withdrawal of Motion for Declaratory Judgment. [DN 167; DN 168]. The Court granted Plaintiffs' motion to withdrawal stating that "if the Court had considered [Plaintiffs Motion for Declaration], it would not have reached the merits" because the motion "ask[ed] the Court for new relief, and a final judgment—from which Defendants appealed and the Sixth Circuit affirmed—has already been reached in this action." [DN 176]. The Court went on to state that "Plaintiffs' attempt to raise new claims in the Motion for Declaratory Judgment is not the appropriate method of requesting the relief they seek." *Id.* Now comes Plaintiffs, in the present Motion to Enforce Judgment, again requesting that the Court find "that the royalty for rock mined and shipped or loaded for transport from the subject property shall be paid by the belt scale weight without deduction for moisture." [DN 178].

## II. Legal Standard

"Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Hicks v. Equifax Info. Servs. LLC*, No. 3:19-CV-776-BJB, 2021 WL 4143897, at *3 (W.D. Ky. Sept. 10, 2021) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)) (emphasis added). As such, "[c]laim preclusion prevents parties from litigating matters that 'should have been advanced in an earlier suit.'" *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). It "requires plaintiffs to "join all claims arising from the same set of facts in a single proceeding" and not "split them across multiple fora." *Hicks*, No. 3:19-CV-776-BJB, 2021 WL 4143897, at *3 (citing *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004)). "When the judgment upon which a party relies to make its claim preclusion argument was issued by a federal court, 'federal law ... determine[s] its preclusive effect.'" *Id.* (citing *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007)). Under federal law, to bar a lawsuit on claim preclusion grounds, defendants must show "(1) 'a final judgment on the merits' in a prior action; (2) 'a subsequent suit between the same parties or their privies;' (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler*, 807 F.3d at 766 (quoting *Montana v. United States*, 440 U.S. 147, 153, (1979)).

## III. Discussion

"[A] notice of appeal divests the district court of its jurisdiction to expand upon an opinion." *Am. Town Ctr. v. Hall 82 Assocs.*, 912 F.2d 104, 110 (6th Cir. 1990) (citing *National Labor Relations Board v. Cincinnati Bronze*, 829 F.2d 585, 588 (6th Cir. 1987)). "The standard for jurisdiction after the filing of the notice of appeal … is that a district court may enforce its

3

judgment but not expand upon it." *Id.* at 10–11. Plaintiffs' current motion is to enforce the Court's holding:

> the terms of the Amended Assignment Contract are clear and unambiguous. Therefore, the Court will grant Plaintiffs' request for a declaration of the parties' rights under the agreement. Specifically, the Court declares that Warren Paving and Slats Lucas are contractually obligated to pay royalties for all limestone mined and shipped or loaded for transport from the Property pursuant to the terms of the Amended Assignment Contract and the royalty obligation enumerated therein.

[DN 178; DN 67]. Plaintiffs' then quote the royalty obligation: "Quantities on which the royalty is to be paid will be determined from the belt scale weights as the material is loaded." [DN 178 at 4]. Their argument is that the plain language of the above quoted contract does not allow for the deduction of moisture from the royalty weight and therefore Defendants are again breaching their contractual agreement. *Id.* at 4–5. But if the Court were to agree with the Plaintiffs, it would be an expansion of the language in the Court's prior holding. And as previously stated, after the filing of an appeal, "a district court may *enforce* its judgment but not *expand* upon it." *Am. Town Ctr.*, 912 F.2d at 110 (emphasis added). As the "brief" synopsis of the facts above indicate, this is not the first time the Court has heard the issue at hand. Plaintiffs have on two prior occasions argued that Defendants were using the improper weighing method for determining royalties. Per the Plaintiffs' requests, the claim was ultimately dismissed, or withdrawn, both times without a determination by the Court. [DN 75; DN 168]. In their most recent reply, Plaintiffs acknowledge that "this Court has already ruled on these issues" while asking the Court to again make a determination regarding the calculation of the appropriate royalty weight under the guise of judgment enforcement. [DN 180]. Because this is not enforcing the prior judgment but expanding on it, claim preclusion is applicable.

When analyzing the issue under the claim preclusion elements provided above, the Court is barred from making a final determination on the matter as this is certainly an issue that *could have been raised* (and was) in a prior action. Both the first and second elements are clearly

4

satisfied: (1) the Court's summary judgment—affirmed by the Sixth Circuit—is a prior final judgment on the merits, and (2) this is a post-judgment claim between the same parties. The third element—"an issue in the second lawsuit that should have been raised in the first"—is also satisfied. Due to Plaintiffs' voluntary dismissal and later withdrawal of this specific issue, the Court has yet to determine whether the moisture should be deducted from the limestone weight for royalty payments. Regardless, this was an issue dating all the way back to the original complaint. Plaintiffs could, and should, have obtained a final judgment on this matter, but chose not to do so. Their arguments that they preserved the issue, and that the current claim is solely regarding post-judgment royalties are unpersuasive.

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41. Plaintiffs argue that their prior dismissal of the royalty weight issue was only in regard to past royalty payments and that future royalty payments were "explicitly reserved." [DN 178]. The Court granted the motion to dismiss because it was unopposed but did not adopt the language preserving the issue. [DN 84]. But, because the order granting the motion did not indicate whether the dismissal was with or without prejudice, the issue was technically preserved. "While the dismissal without prejudice allowed for the possibility that [the claim may] be subject to a future cause of action, that possibility was cut-off for all such acts predating the final [] judgment once that judgment was entered." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014) (citation omitted).

Plaintiffs' argument that they preserved their claim for future royalty payments was true, until there was a final judgment on the case. Any other holding would split their case of action and violate the laws of claim preclusion. "[O]ne may not split up his cause of action and have it tried piecemeal." *Hays v. Sturgill*, 193 S.W.2d 648, 650 (1946). If this were a discussion of *issue*

preclusion, Plaintiffs would be correct as there has been no final judgment on this particular issue, but under *claim* preclusion, any final judgment between the same parties where the claim could have been brought is barred. *See Action Distrib. Co. v. Int'l Bhd. of Teamsters Loc. 1038*, 977 F.2d 1021 (6th Cir. 1992); *Moran v. Svete*, 366 F. App'x 624 (6th Cir. 2010). "[P]arties are required to bring forward their whole case" any other holding "would not be just to the adverse party or fair to the courts." *Hays*, 193 S.W.2d at 650.

This leaves the fourth and final element: "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482, n.22 (1982)). Plaintiffs makes a distinction between prior royalty payments, and the current issue of post-judgment royalty calculations. [DN 178]. Under the theory of claim preclusion, claims are only barred if they could have been brought with the previous lawsuit. Anything post-judgment would appear to be excluded from this definition, but that is not always the case. *See, e.g.*, 18 Fed. Prac. & Proc. Juris. § 4409 n.32 (3d ed.). The more recent royalty calculations are merely additional evidence, or a continuation, of the same claim brought back in 2016. Both the present issue, and the prior final judgment between the parties, stem from the language of one contract. Both concern royalty payments. And, as mentioned above, the allegations of underpayment are nearly identical. Further, the facts and circumstances giving rise to this claim, apart from timing, are also identical. This action factually overlaps with the prior judgment, as Plaintiffs' clearly knew at the time of the previous action by bringing and dismissing the exact same issue, and therefore it should have been litigated at that time. *See Hicks*, No. 3:19-CV-776-BJB, 2021 WL 4143897, at *4.

The Court agrees with Defendants' argument that this is the exact situation *res judicata*, or claim preclusion, is intended to prevent. Defendants' method of weighing the limestone was known prior to the final judgment making this an issue that could have been determined at that time. Plaintiffs' attempt to preserve the issue by asking for dismissal without prejudice appears to be nothing more than an attempt for piecemeal litigation. In the Memorandum Opinion and Order regarding summary judgment, the Court held that there was insufficient evidence to grant summary judgment regarding the measurement of royalty weight. [DN 67]. Summary judgment, however, was proper regarding Defendants' obligation to pay royalties generally. *Id.* After making that determination, the Court granted specific performance and a declaratory judgment stating that Defendants were "contractually obligated to pay royalties for all limestone mined and shipped or loaded for transport from the Property pursuant to the terms of the Amended Assignment Contract and the royalty obligations enumerated therein." *Id.* This holding is the exact issue presently disputed. Plaintiff argues that the holding does not allow for moisture deductions, but the Court, in that same order, refused to decide the royalty weight issue without further evidence. Instead of continuing the case and having the Court make a determination, Plaintiffs voluntarily dismissed the issue and now ask the Court to "enforce" the prior holding as if it was decided. As such, this is not a new issue, but rather the continuation and attempted relitigation of a prior dispute stemming from the same contract. Plaintiffs said it themselves in their prior Motion for Declaration: "The Defendants have been and continue to deduct moisture content from the rock prior to calculating the weight for the purposes of determining royalty owed to the Plaintiffs." [DN 162]. Plaintiffs cannot reasonably expect Defendants to apply a different method of calculating the weight for royalties after the issue was voluntarily dismissed by the Plaintiffs and the Court did not direct otherwise. The Court will not now after years of ongoing disputes between the parties determine

an issue that could have been litigated previously. Doing so would not be fair to the Defendants, nor the Court, and is barred by claim preclusion.

### IV. Conclusion

**IT IS HEREBY ORDERED**, for the reasons stated above, that Plaintiffs' Motion to Enforce Judgment, DN 178, is **DENIED**.

The Clerk of the Court is **DIRECTED** to close the case.

This is a final and appealable order.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 3, 2021

cc: counsel